Jennifer J. Middleton, OSB # 071510
jmiddleton@jjlslaw.com
Gloria J. Trainor, OSB # 084970
gtrainor@jjlslaw.com
JOHNSON, JOHNSON, LARSON & SCHALLER, PC
975 Oak Street, Suite 1050
Eugene, OR 97401
Phone: 541/683-2506
Fax:    541/484-0882
        Attorneys for Plaintiff Teresa M. Willis

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| **TERESA M. WILLIS,** | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Fair Labor Standards Act, 29 U.S.C. § 200 et. seq.; Penalty Wages, ORS § 652.150; Unlawful Employee Housing; Quantum Meruit)** |
| **JAI YOGESHWAR, INC., and RAKESH PATEL,** | |
| Defendants. | **Demand for Jury Trial** |

### JURISDICTION & VENUE

1.

The claims in this case arise under the Fair Labor Standards Act (FLSA) and therefore jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.  Pendent state law claims stem from a common nucleus of operative fact and therefore this Court may exercise jurisdiction over them under 28 U.S.C. § 1367.

2.

The events giving rise to these claims took place in John Day, Oregon. Venue is therefore appropriate in the Pendleton Division of the District of Oregon.

## PARTIES

3.

Plaintiff Teresa Willis is a citizen of the State of Oregon. At all times material to this Complaint, she was an employee employed in commerce within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

4.

Defendant Jai Yogeshwar, Inc. is an Oregon Corporation owned and operated by Defendant Rakesh Patel and his brother, Ashish Patel. Jai Yogeshwar, Inc. owns and operates the Little Pine Inn motel in John Day, Oregon and was an employer of Plaintiff Teresa Willis within the meaning of the FLSA.

5.

Defendant Rakesh Patel hired Teresa Willis, suffered and permitted her to work at the Little Pine Inn, and directed her day-to-day activities. He was her employer within the meaning of the FLSA.

## FACTS

6.

In early 2010, Defendants hired Teresa Willis to work at the Little Pin Inn in John Day, Oregon.

7.

The Little Pine Inn is a motel with fourteen rooms. It regularly provides services, including lodging, to people travelling interstate.

8.

Teresa Willis moved from Redmond, Oregon, where she had been working as a housekeeper at the Redmond Inn for a relative of Defendant Patel's, Karshan Patel, to John Day. She began work on January 31, 2010.

9.

There were no other employees of the motel. Teresa Willis was responsible for responding to all calls, inquiries, and guest needs at all times.

10.

Defendant Patel required that Teresa Willis live in an apartment on the premises of the motel that was attached to the front desk, so that she could respond to guests immediately.

11.

Defendant Rakesh Patel required Teresa Willis to keep the doors to the front desk open between the hours of 7:00 a.m. and 10:00 p.m., seven days a week. Teresa Willis staffed the front desk while it was open, booking guests, checking people in and out, handling money, and responding to guest inquiries and needs.

12.

Teresa Willis was also responsible for all housekeeping; all laundry; regular building maintenance including painting and sanding; and grounds maintenance and landscaping, among other duties.

13.

Defendant Rakesh Patel required that Teresa Willis answer the telephone and respond to guests or potential guests 24 hours a day, seven days a week. There were three buzzers around the front office that rang in her apartment. Her sleep was often interrupted by people seeking rooms in the middle of the night, guests needing assistance, or telephone calls.

14.

Defendant Rakesh Patel required Teresa Willis to be present on the premises and available at all times, unless he gave her permission to leave.

PAGE 3 OF 10 - COMPLAINT

15.

Defendant Rakesh Patel came to the Little Pine Inn at least once daily to oversee Teresa Willis's work and to pick up cash and receipts. He managed another motel a few blocks away and stayed in touch with Teresa Willis throughout the day.

16.

When Teresa Willis had to leave the premises for personal reasons such as to go to the grocery store or to the doctor, she either asked Rakesh Patel for permission and he filled in for her, or she asked her daughter Amie Wood to cover for her. Defendant Rakesh Patel encouraged her to enlist members of her family to perform work around the motel, including covering for her as needed. There was no other person with whom Teresa Willis could trade her responsibility to be on duty. Teresa Wood paid her daughter out of her own pocket when she filled in.

17.

When Teresa Willis' daughter graduated from high school, Defendant Rakesh Patel permitted Teresa Willis to take only three hours off for the ceremony and a meal afterwards.

18.

Defendant Rakesh Patel required Teresa Willis to call everyone with reservations the day before they were due to arrive, to confirm that they would be coming. He had her use her own personal cell phone for this purpose, as he did not have long distance on the office phone. Teresa Willis bought pre-paid phone cards with her own funds and used them to make the calls.

19.

Defendants generally did not permit Teresa Willis to have anyone in or out of the apartment that did not live there. Her children could not have friends from school come over. She could not have friends from town come to visit. When she had visits from family out of town, they had to stay at a room in the motel that they paid for. Defendants forbade one of her sons from visiting the premises at all. After Teresa Willis' oldest daughter got married, Defendant Rakesh Patel only allowed her to visit if she was assisting with Teresa Willis' duties at the hotel.

20.

Though it was a pet friendly motel, Rakesh Patel did not allow Teresa Willis to have a pet in her apartment.

21.

From February 1 until August 1, 2010, Defendants paid Teresa Willis $600 twice per month. Her paystubs indicated that this was pay for 70 hours of work.

22.

On August 1, 2010, Defendants raised Teresa Willis' pay to $650, twice per month. Her paystubs continued to indicate that this was for 70 hours of work.

23.

Teresa Willis was not paid on a salary basis within the meaning of 29 C.F.R. 541.600, and was not exempt from the requirements of the overtime provisions of the FLSA.

24.

Defendants maintained no records of the hours that Teresa Willis worked and did not ask Teresa Willis to report the hours that she worked. Defendant Rakesh Patel, however, was aware that she was on duty at all times, except when he filled in for her.

25.

Defendants never paid Teresa Willis overtime.

26.

Defendants had no overtime compensation policy and no agreement with Teresa Willis concerning overtime.

27.

Teresa Willis worked seven days a week from 7:00 a.m. until 10:00 p.m., staffing the front desk and doing all other required duties of maintaining the motel. From 10:00 p.m. until 7:00 a.m., she remained on call, responsible to respond to potential guests, visits by the police, clogged toilets, or anything else that might occur throughout the night. She was not free to leave the premises and her ability to use this time for her own purposes was severely limited.

28.

Teresa Willis' last day of work was October 16, 2011.

29.

Defendant Rakesh Patel is an owner or member of several Oregon corporations that own motels in addition to Jai Yogeshwar, Inc.  These include Hanuman Management, Inc., which owns one or more Motel 6s in and around Bend; Rattlesnake Mountain Development, LLC, which owns a motel in Vancouver, Washington; and Shree Yogeshwar, Inc., which owns the Dreamer's Lodge in John Day.

30.

Defendant Rakesh Patel is familiar with the legal requirements that govern these motels, including the requirements of the minimum wage and overtime laws.

## First Claim for Relief

## (29 U.S.C. § 206, Unpaid Minimum Wage)

31.

Plaintiff repeats and realleges paragraphs 1 through 30, above, as if fully set forth herein.

32.

By the acts described above, Defendants paid Teresa Willis for only 32.3 hours per week, even though she worked many more hours each week.  Defendants failed to pay Teresa Willis the minimum wage for all hours per week each week that she worked, in violation of 29 U.S.C. § 206.

33.

Defendants' failure to pay Teresa Willis at least the minimum wage for all hours worked each workweek showed reckless disregard for the requirements of the FLSA and was a willful violation of the law.

34.

As a result of Defendants' unlawful acts, Plaintiff is entitled to back pay for unpaid minimum wages for each week worked throughout the period of her employment, plus an additional equal amount as liquidated damages.

35.

As a further result of Defendants' unlawful acts, Plaintiff is entitled to recovery of reasonable attorney fees and costs in pursuing this action.


**Second Claim for Relief**

**(29 U.S.C. § 207, Unpaid Overtime)**

36.

Plaintiff repeats and realleges paragraphs 1 through 30, above, as if fully set forth herein.

37.

By the acts described above, Defendants failed to pay Teresa Willis overtime at the rate of 1.5 times her regular rate of pay, for all hours worked in excess of 40 each week.

38.

Defendants' failure to pay Teresa Willis the statutory overtime premium for all hours she worked in excess of 40 each week showed reckless disregard for the requirements of the FLSA and was a willful violation of the law.

39.

As a result of Defendants' unlawful acts, Plaintiff is entitled to back pay for unpaid overtime wages for each week hour worked in excess of forty for each working week throughout the period of her employment, plus an additional equal amount as liquidated damages.

40.

As a further result of Defendants' unlawful acts, Plaintiff is entitled to recovery or reasonable attorney fees and costs in pursuing this action.

**Third Claim for Relief**

**(ORS § 652.150, Penalty Wage)**

41.

Plaintiff repeats and realleges paragraphs 1 through 40 above, as though fully set forth herein.

42.

ORS § 652.140 provides that all wages that have been earned but not paid become due and payable no later than the next regularly scheduled payday after employment terminated.

43.

By failing to pay Teresa Willis minimum wage and overtime pay for all hours worked, Defendants failed to pay all wages due and owing to Teresa Willis at the time the employment relationship ended.

44.

As a result of these violations, Teresa Willis is entitled to penalty wages under ORS § 652.150, as well as costs and reasonable attorney fees.

**Fourth Claim for Relief**

**(ORS § 659A.253, Unlawful Restriction of Access to Employee Housing)**

45.

Plaintiff repeats and realleges paragraphs 1 through 44 above, as though fully set forth herein.

46.

By restricting Teresa Willis' ability to have guests in the housing Defendants provided, Defendants unlawfully restricted access to employee housing in violation of ORS § 659A.253.

47.

As a result of Defendants' unlawful acts, Plaintiff has incurred non-economic damages, including loss of companionship and loss of enjoyment of life, in an amount to be determined by a jury at trial.

48.

Plaintiff is entitled to her reasonable attorney fees and costs incurred in pursuing this action.

## Fifth Claim for Relief

## (Unjust Enrichment/Quantum Meruit)

49.

Plaintiff repeats and realleges paragraphs 1 through 48, above, as if fully set forth herein.

50.

By permitting Teresa Willis to use her own cell phone and pay for prepaid cards in order to make long distance calls required by her employer, Defendants received a benefit.

51.

By allowing Teresa Willis to engage her daughter to work, at her own expense, so that she could take time off for her personal needs, Defendants received a benefit.

52.

Defendants accepted and retained these benefits under such circumstances as to make it inequitable for Defendants not to repay Teresa Willis their value. Teresa Willis is entitled to restitution for the value of her cell phone usage and the amounts that she paid her daughter on behalf of her employer.

WHEREFORE, Plaintiff Teresa Willis prays for the following relief:

1. An award of back pay for Plaintiff's unpaid minimum wages and overtime, and an additional equal amount as liquidated damages;

2. An award of applicable penalty wages under ORS § 652.150;

3. An award of compensatory damages to compensate Plaintiff for her loss of companionship and loss of enjoyment of life in an amount to be determined by a jury;

4. An award of restitution for amounts that Teresa Willis paid on behalf of her employer out of her own pocket;

5. Costs and expenses of this action, including reasonable attorneys' fees;

6. Pre-judgment and post-judgment interest as provided by law; and

7. All other relief that the Court deems just and proper.

DATED:  October 15, 2012.

JOHNSON, JOHNSON, LARSON & SCHALLER, PC

By: _____
Jennifer J. Middleton, OSB #071510
jmiddleton@jjlslaw.com
Gloria J. Trainor, OSB # 084970
gtrainor@jjlslaw.com
541/683-2506
541/484-0882 fax
     Of Attorneys for Plaintiff Teresa M. Willis